IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 14, 2005 Session


## DON DAUGHERTY v. SONY ELECTRONICS, INC., ET AL.


**Appeal from the Circuit Court for Knox County**
**No. 02-202-03   Harold Wimberly, Judge**

———————————

**No. E2004-02627-COA-R3-CV - FILED JANUARY 26, 2006**

———————————



CHARLES D. SUSANO, JR., concurring.


I concur in the opinion authored by Judge Swiney to the extent that it affirms the trial court's dismissal of the plaintiff's claims based upon breach of express warranty, breach of implied warranty, unjust enrichment, and money had and received. I also concur that the plaintiff's Tennessee Consumer Protection Act ("the TCPA") claims are not subject to dismissal *at this stage of the proceedings*. I write separately to express my opinion that many of the plaintiff's more-specific allegations pertaining to his general allegation of "unfair and/or deceptive acts or practices" under the TCPA appear to fall within the "loose general praise of wares sold" referred to in Restatement (Second) of Torts § 402B. *See also **Ladd v. Honda Motor Co., Ltd.***, 939 S.W.2d 83, 100 (Tenn. Ct. App. 1996). For example, I believe a reference to one's product as "superior" in an advertisement or other writing is nothing more than a statement of the seller's opinion as to the worth of its product. How does one measure whether a product is superior or not? For example, it may be superior in one aspect but not in another. If a company's DVD player emits a sound that is rated better by independent experts when compared to the products of others; but has a lower rating in the same competition from a mechanical standpoint, should a jury be permitted to speculate as to which quality the company was touting when it referred to its product as "superior"? I think not. "Superior," like beauty, is in the eyes of the beholder.

I do not believe the TCPA was ever intended to make actionable what has traditionally been recognized as "puffing." However, having said this, I do believe that the proof needs to be developed before dismissal as a matter of law can be considered appropriate. If, when the plaintiff's proof has been established, the trial court determines, *as a matter of law*, that the plaintiff's TCPA

1

claim is based, in whole or in part, upon puffing, it can then dismiss the plaintiff's claim under the TCPA to the extent that it is grounded upon puffing.

I concur.

_____
CHARLES D. SUSANO, JR., JUDGE